UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF FLORIDA
GAINESVILLE DIVISION

STEPHEN HASKELL, *et al.*,

    Plaintiffs,

v.       Case No. 1:23-cv-273-RH/MJF

FLORIDA DEPARTMENT OF
CHILDREN AND FAMILIES,

    Defendant.

                                     /

## REPORT AND RECOMMENDATION

Because Plaintiffs failed to comply with two court orders and failed to prosecute this action, the District Court should dismiss this action without prejudice.

### I. BACKGROUND

On December 5, 2023, the undersigned ordered Plaintiffs to file a first amended complaint.[1] Doc. 4. The undersigned also ordered each Plaintiff to submit a motion for leave to proceed *in forma pauperis*. *Id.*

---

[1] Because two of the Plaintiffs are minor children, the undersigned informed Plaintiff Stephen Haskell that he could not represent his children. Instead, his children would need an attorney to represent them. As of the date of this order, no attorney has made an appearance on behalf of the children.

The undersigned imposed a compliance deadline of January 5, 2024 and warned Plaintiffs that the failure to comply with the order likely would result in dismissal of this action. Plaintiffs did not comply with that order.

On January 19, 2024, the undersigned ordered Plaintiffs to explain and show cause why they failed to comply with the undersigned's order of December 5, 2023. Doc. 15. The undersigned imposed a deadline of February 2, 2024, to comply and again warned Plaintiffs that the failure to comply with the order likely would result in dismissal of this action. As of the date of this report and recommendation, Plaintiffs have not complied with that order.

## II. DISCUSSION

"Federal courts possess an inherent power to dismiss a complaint for failure to comply with a court order." *Foudy v. Indian River Cnty. Sheriff's Off.*, 845 F.3d 1117, 1126 (11th Cir. 2017) (citations omitted); N.D. Fla. Loc. R. 41.1 (authorizing the court to dismiss an action, or any claim within it, "[i]f a party fails to comply with an applicable rule or a court order"). A district court also may dismiss a civil action *sua sponte* for failure to prosecute. *See* Fed. R. Civ. P. 41(b); *Link v. Wabash R. Co.*,

370 U.S. 626, 632 (1962). Plaintiffs failed to comply with two court orders. Plaintiffs have offered no excuse for their failures, and consequently, have not shown good cause. Accordingly, dismissal of this civil action is appropriate.

### III. CONCLUSION

Because Plaintiffs failed to comply with court orders and failed to prosecute this action the undersigned respectfully **RECOMMENDS** that the District Court:

1. **DISMISS** this action without prejudice.

2. **DIRECT** the clerk of the court to close the case file.

At Pensacola, Florida, this <u>16th</u> day of February, 2024.

/s/ *Michael J. Frank*
**Michael J. Frank**
**United States Magistrate Judge**

### NOTICE TO THE PARTIES

**The District Court referred this case to the undersigned to address preliminary matters and to make recommendations regarding dispositive matters.** *See* **N.D. Fla. Loc. R. 72.2;** *see also* **28 U.S.C. § 636(b)(1)(B), (C); Fed. R. Civ. P. 72(b). Objections to these proposed findings and recommendations must be filed within fourteen (14) days of the date of the report and recommendation.** <u>**Any different deadline that may appear on the electronic docket is for the court's internal use only and does not control.**</u> **An objecting**

**party must serve a copy of the objections on all other parties. A party who fails to object to the magistrate judge's findings or recommendations contained in a report and recommendation waives the right to challenge on appeal the district court's order based on unobjected-to factual and legal conclusions.** *See* **11th Cir. R. 3-1; 28 U.S.C. § 636.**